IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT WESTBERRY, and JARED STUBBLEFIELD, Individually, and on behalf of all others similarly situated under 29 USC 216(b), | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. 3:17-CV-3162-D |
| GUSTECH COMMUNICATIONS, LLC, et al., | § § § § | |
| Defendants. | § | |

## ORDER

Defendants Gustech Communications, LLC ("Gustech") and Gustavo Santamaria ("Santamaria") have filed motions to expand time to file answers. Both motions are signed by Mike Alvarez, who does not appear to be a licensed attorney.

Gustech is alleged to be a limited liability company ("LLC"). In federal court, an entity like an LLC is not permitted to proceed *pro se*. It is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam). When the court provides notice to a corporation that it must obtain counsel to represent it, and the corporation declines to do so, the court may properly dismiss its claims, if it is a plaintiff, *see Memon*, 385 F.3d at 873 n.5, or strike its defenses, if it is a defendant, *see Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam). Accordingly, because Gustech's motion is not signed by a licensed attorney, the court denies the motion.

Santamaria appears to be a natural person and is therefore permitted to proceed *pro se*. But a *pro se* litigant must represent himself; he cannot be represented by a non-lawyer. Accordingly, because Santamaria's motion is not signed by a licensed attorney, the court denies the motion.

**SO ORDERED**.

December 22, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE